Gkeev, J,
delivered the opinion of the court.
This is an action for assault and battery against the plaintiffs in error, for whipping the défendant in error, and detaining him in custody. The part of the chai’ge of the court to the jury which it is insisted is erroneous, is as follows, namely:
“If the jury believed from the proof, that William Moffat, the evening before the injury was inflicted upon the plaintiff, threatened he would whip him out of the country, and the act he threatened was afterwards perpetrated, this, in the absence of proof exculpating him, would raise a strong presumption that he had done the act; but if the language used by Moffat the evening before the injury was inflicted, was substantially, that John Grigsby was a witness against him, that he was a d-d horse thief, and that he ought to be whipped out of the country, then the jury were to judge the import of such a declaration, and the intent which dictated it. If they considered the expression, under the circumstances, and the manner in which it was made, was a mere expression of an opinion, it would not be so strong a circumstance against him, but if as rational men, they would understand the expression, .consid *489 ering the time, the allusion, and the circumstances under which it was made, as indicating a determination on his part to inflict the chastisement, it would be equivalent to an express threat, and afford a strong presumption of guilt, unless explained or rebutted by proof inconsistent with the presumption. Men have been convicted of criminal offences upon proof they had threatened to do an act, which was afterwards committed. But such proof would only furnish a presumption against the defendant using the expression.”
The meaning of this charge may be more briefly. expressed in the following language: “If the defendant threatened to whip the plaintiff out of the country, and he was afterwards whipped, it would, in the absence of exculpatory testimony, be a strong presumption against him, but if he had only expressed the opinion that he ought to be whipped, it would not be so strong a circumstance. Men have been convicted upon proof of threats, but such p.ropf would only furnish a presumption against the party making them.” Here it will be seen at once, that the judge does not mean that threats furnish an artificial legal presumption of guilt, but a natural presumption of mere fact, calculated to generate conviction in the mind, as derived from those connections, which are pointed out by experience. In this cause it is only circumstantial evidence. 3 Starkie, 1245, 1247. In this sense, Lord Coke’s violent presumption is used. Starkie (1246) says, that the case he puts “where a man is found suddenly dead in a room, and another is found running out of that room with a bloody sword in his hand,’ is .only a case of circumstantial evidence.
Th.at the court, in this case, uses the word presumption as synonymous with circumstance, is manifest from the manner in which he employs the term. He says, if the defendant made the threat, it is a presumption of guilt, but if he only expressed an opinion, it would not be so strong a circumstance; that is, the expression of an opinion, that the plaintiff ought to be whipped, would not be so strong'a circumstance against the defendant, as if he had threatened to inflict the whipping. We think, therefore, there is no error in the charge of the court. Let the judgment be affirmed.